UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWELL A. BAISDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>PATTI BOWERS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01651-AWI-SAB<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND FOR NEW TRIAL<br><br>(Doc. 6) |

    On May 9, 2016, Plaintiff Lowell A. Baisden ("Baisden") filed a complaint against the California Board of Accountancy ("CBA"), Evan J. Geilenkirchen, and Jane M. Geilenkirchen ("the Geilenkirchen defendants") seeking monetary damages for state law claims of negligence, gross negligence, defamation per se, negligent infliction of prospective economic relations, abuse of process, and negligent infliction of emotional distress for the revocation of his Certified Public Accountant ("CPA") license. *See Baisden v. Bowers*, No. 1:16-cv-00641-LJO-SAB, Doc. 1.

    The District Judge assigned to that case dismissed the action with prejudice, finding that Baisden could not state a claim because the limitations period had run. *Id.*, Docs. 2 at 5, 4 at 2. The Court explicitly found that Baisden "was aware as of January 2008 of facts that could form the basis of his present claim." *Id.,* Doc. 4 at 2.

    Baisden then filed this action on November 2, 2016 against the same defendants raising largely the same claims on the same facts. Docs. 1, 2 at n 1. This Court dismissed the action

1

because it was filed outside of the limitation period and based on the principles of res judicata. Doc. 4 at 3. Baisden now moves for reconsideration.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." *Id*. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," *United States v. Westlands Water Dist*., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

1 Baisden's first contention is that the Court erred in screening his petition pursuant to 28
2 U.S.C. § 1915(e)(2) because he did not proceed in forma pauperis and is not a prisoner. Doc. 6 at
3 4-5. It is well settled in this district that pro se complaints may be screened regardless of whether
4 the plaintiff is a prisoner or proceeds in forma pauperis. *E.g., Cook v. California*, 2016 WL
5 4161114 (E.D. Cal. Aug. 5, 2016); *Bradley v. Tuolumne County Superior Court*, 2016 WL
6 121785 (E.D. Cal. Jan 12, 2016); *Collins ex rel. Brown v. Walgreen Co.*, 2013 WL 2482152, *1
7 (E.D. Cal. June 10, 2013). Moreover, the Court may raise issues such as res judicata, *McClain v.
8 Apodaca,* 793 F.2d 1031 1032-1033 (9th Cir. 1986), and whether a complaint states a claim,
9 *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015); *Wong v. Bell*, 642
10 F.2d 359, 361-362 (9th Cir. 1981), sua sponte. The Court did not commit clear error in
11 identifying the grounds for dismissal, affording Baisden an opportunity to respond, and
12 dismissing the action as untimely and barred by res judicata.

13 Baisden also contends that the Court erred in unfairly summarizing the contentions of his
14 complaint regarding the timeliness of his filing. The Court has again reviewed Baisden's
15 complaint, giving particular note to the paragraphs identified by Baisden. *See* Doc. 6 at 6. For the
16 reasons previously explained, Baisden's complaint is time barred. Docs. 2, 4. The Court did not
17 commit clear error in dismissing his claim on that basis.

18 For the foregoing reasons, IT IS HEREBY ORDERED that:
19 Baisden's motion for relief from judgment and for new trial is DENIED.
20 This action remains closed.

IT IS SO ORDERED.

Dated:   February 24, 2017                    _____
                                              SENIOR DISTRICT JUDGE

3